﻿Citation Nr: AXXXXXXXX
Decision Date: 06/20/19 Archive Date: 06/19/19

DOCKET NO. 180926-495
DATE: June 20, 2019

ORDER

New and relevant evidence having been received, the appeal for service connection for sleep apnea is to be readjudicated.

REMANDED

Entitlement to service connection for sleep apnea to include as due to asbestos exposure and as secondary to service-connected pleural plaques is remanded.

FINDINGS OF FACT

1. In an unappealed February 2015 rating decision, the Veteran was denied service connection for sleep apnea.

2. The evidence associated with the claims file subsequent to the February 2015 rating decision tends to prove the claim for service connection for sleep apnea.

CONCLUSION OF LAW

As the evidence received subsequent to the February 2015 rating decision is new and relevant, the requirements to readjudicate the claim for entitlement to service connection for sleep apnea are met. 38 U.S.C. §§ 5108, 7105; 38 C.F.R. § 3.2501 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the U.S. Navy from February 1969 to November 1972.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program “RAMP”, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Veteran opted in to RAMP on May 18, 2018, and selected the Higher-Level Review lane. As explained on the RAMP Opt-In Election Form, the Regional Office’s higher-level review and the Board’s review is based on evidence submitted to VA as of the date of the election. 

On September 19, 2018, the Agency of Original Jurisdiction (AOJ) completed its Higher-Level Review based on the evidence of record up to May 18, 2018, and issued an unfavorable decision with respect to the claim for service connection for sleep apnea. In response to the unfavorable higher-level review of the AOJ, on September 29, 2018, the Veteran requested direct review by the Board. 

Under its review, the Board will now consider all evidence of record up to May 18, 2018. The Board has not considered any evidence received or submitted after the May 2018 RAMP Opt-In Election. The Board has, however, considered the arguments submitted by the Veteran’s representative after May 2018, notably the April 2019 Informal Hearing Presentation.

New and Relevant Evidence 

A claimant may request re-adjudication of a previously denied claim if new and relevant evidence is presented or secured. VA will readjudicate the claim taking into consideration all of the evidence of record. New evidence means existing evidence not previously submitted to agency decisionmakers. The term “relevant evidence” means evidence that tends to prove or disprove a matter in issue. See 38 U.S.C. § 5108; Pub. L. No. 115-55. 

Entitlement to service connection requires: (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the in-service disease or injury and the current disability. 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In a February 2015 rating decision, the Veteran was denied service connection for sleep apnea because the evidence did not show that the condition was incurred during or due to his active service. In July 2015, the Veteran requested reconsideration of the February 2015 rating decision for sleep apnea, which may be construed as a timely notice of disagreement. As such, the February 2015 rating decision did not become final. As such, issuance of a SOC was warranted. However, the RO construed the July 2015 claim as a new claim, and the appeal was then denied again in an October 2015 rating decision. In January 2016, the Veteran filed another claim for service connection for sleep apnea. The claim was denied in a March 2016 rating decision, which the Veteran timely appealed in a March 2016 notice of disagreement. In August 2016, the RO issued a SOC as to the issue of service connection for sleep apnea, which cured any error as to the February 2015 rating decision. As the Veteran did not submit a substantive appeal within 60 days of the SOC, the February 2015 decision became final. 

In October 2017, the Veteran submitted a new claim for service connection for sleep apnea. The claim was denied in a September 2018 rating decision, which the Veteran timely appealed in September 2018 by opting into the RAMP program. As discussed, the Veteran opted for the higher-level review. As the Veteran was previously denied service connection for sleep apnea in a prior final decision and the matter is now under Board review, new and relevant evidence is required in order to consider the merits of the appeal.

Since the prior final decision, the February 2015 rating decision, the Veteran has submitted a private opinion linking his sleep apnea to his service. This evidence is new as it was not of record at the time of the prior final decision. The evidence is also relevant as it tends to prove the issue of a nexus. 

Accordingly, the Board finds that new and relevant evidence has been received as to the claim of entitlement to service connection for sleep apnea.

REASONS FOR REMAND

Entitlement to service connection for sleep apnea is remanded.

The issue of entitlement to service connection for sleep apnea due to asbestos, to include pleural plaques is remanded to correct a duty to assist error that occurred prior to the Veteran’s election to enter the RAMP program.

The Veteran has asserted a claim for service connection for sleep apnea based on a number of etiological theories, to include on a direct basis, due to asbestos, and secondary to pleural plaques and chronic obstructive pulmonary disease (COPD). The Board acknowledges that the AOJ has adjudicated the issue of service connected for sleep apnea secondary to COPD. However, the Veteran is not service-connected for COPD. Therefore, there is no basis to establish service connection for any disability secondary to COPD as secondary service connection requires a service-connected disability. See 38 C.F.R. § 3.310. As such, the Board will only address the issue of service connection for sleep apnea due to asbestos or pleural plaques.

As to the first element of service connection, the record is clear for a current diagnosis for sleep apnea. As to direct service connection, the Veteran has reported an in-service incurrence of sleep issues due to rotating schedules and poor breathing. He has also submitted buddy statements as to those assertions. In July 2016, a VA opinion was provided addressing direct service connection, to include the lay statements of rotating schedules and breathing issues during service. As the Board finds that opinion adequate, it is not the subject of this remand and will not be discussed further at this time.

As to sleep apnea due to asbestos or secondary to pleural plaques, the Veteran’s in-service asbestos exposure has been conceded, and he is service-connected for pleural plaques due to asbestos exposure. Thus, the remaining issue is a medical opinion linking the Veteran’s sleep apnea to asbestos or pleural plaques. With regard to such an opinion, the Veteran was afforded a VA examination regarding his sleep apnea in February 2015. The examiner provided a negative opinion as to whether the condition is due to asbestos. The examiner reasoned that there is no known relationship between asbestos exposure and the development of OSA. The examiner also indicated that sleep apnea is not a presumed condition. However, this opinion is not adequate as it only addresses service connection on a presumptive basis for asbestos. Even to the extent that the assertion that there is no known association between sleep apnea and asbestos may be construed to address direct service connection, the examiner did not explicitly address the Veteran’s pleural plaques and whether it caused or aggravated the Veteran’s sleep apnea. As such, VA has not fulfilled it duty to assist. See Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate). 

In an effort to avoid remand, the Board has also considered whether service connection for sleep apnea could be established based on additional evidence of record prior to May 2018. However, there is no adequate positive opinion of record linking the Veteran’s sleep apnea to asbestos or pleural plaques. As such, the inadequacy of the VA opinion is not moot. The Board also acknowledges the August 2017 private opinion linking the Veteran’s sleep apnea to mental symptoms during and since service. This opinion raises the issue of secondary service connection. However, as the Veteran is not currently service connected for a mental disorder, service connection for sleep apnea cannot be established based on a mental disorder or symptoms. See 38 C.F.R. § 3.310.

In the April 2019 IHP, the Veteran’s representative noted that his asbestos exposure has been conceded. The representative also asserts that it is unclear whether the Veteran’s sleep apnea is due to asbestos and that he should therefore be afforded a VA examination. As discussed, the Board finds that the February 2015 VA opinion as to sleep apnea and asbestosis is inadequate. Therefore, the evidence associated with the claims file prior to the Veteran’s March 2018 election to enter the RAMP program demonstrates inadequacies in VA’s duty to assist. As such, the Board finds that another VA examination is required to assess the issue of sleep apnea due to asbestos or pleural plaques.

The matter is REMANDED for the following action:

1. Have an appropriate examiner review the claims file and render an opinion as to whether the Veteran’s sleep apnea is due to asbestos or secondary to his pleural plaques. 

The need for another examination is left to the discretion of the medical professional offering the addendum opinion. 

The claims file and a copy of this remand must be made available to the reviewing examiner, and the examiner should indicate in the report that the claims file was reviewed.

The examiner is also advised that the Veteran is competent to attest to observable symptoms. If there is a medical basis to support or doubt the Veteran’s reports of symptomatology, the examiner should provide a fully reasoned explanation.

Each opinion provided must be accompanied by a rationale.

i) The examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s sleep apnea is due to asbestos exposure.

Importantly, the examiner is advised that this is not an inquiry as to presumptive service connection. As such, a rationale that sleep apnea is not a presumptive condition is not adequate. 

ii) If the above opinion is negative, the examiner is asked to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran’s sleep apnea was caused (in whole or in part) or aggravated (permanently worsened beyond the natural progression) by his service-connected pleural plaques. 

The term “aggravation” refers to a chronic or permanent worsening of the underlying condition above and beyond its natural progression.

(continued on next page)

2. After completing the above actions, readjudicate the claim on appeal. If the benefit sought on appeal remains denied, the Veteran should be furnished an appropriate Supplemental Statement of the Case and be provided an opportunity to respond. 

 

GAYLE STROMMEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Smith, Associate Counsel